**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JASON CARLSON,

Plaintiff,

v.

BANK OF AMERICA, N.A, and BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2004-5, Successors in Interest or Assigns,

Defendants.

Case No. ________________

Hon. ____________________

Removed from:
**OAKLAND COUNTY CIRCUIT COURT**
Case No. **13-134934-CH**

---

**NOTICE OF REMOVAL FROM STATE COURT**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, the above-captioned action, which is currently pending in the Circuit Court for the County of Oakland in the State of Michigan, is hereby removed by Defendants Bank of America, N.A. ("BANA") and Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2004-5 ("BONY") (collectively "Defendants"), to the United States District Court for the Eastern District of Michigan, by the filing of this Notice of Removal with the Clerk of the

United States District Court for the Eastern District of Michigan. As grounds for removal, Defendants state as follows:

1. On or about July 9, 2013, Plaintiff filed an action in the Circuit Court for the County of Oakland, State of Michigan, entitled *Jason Carlson v. Bank of America, N.A.*, *et al.*, Case No. 13-134934-CH (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process and pleadings from the State Court Action are attached hereto as **Exhibit 1**.

3. Although it is unclear if BONY was ever properly served with the Summons and Complaint, they were mailed to BONY's registered agent in Pennsylvania on July 22, 2013. Upon information and belief, BANA has not been served with the Summons and Complaint.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it has been filed within 30 days after Defendants' receipt of the Summons and Complaint.

5. This Court is the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a). The Oakland County Circuit Court is located in the Eastern District of Michigan.

## DIVERSITY JURISDICTION EXISTS

6. This Court has original diversity jurisdiction pursuant 28 U.S.C § 1332, because this action is between citizens of different states and the amount in

controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney fees.

7. Plaintiff. For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Here, Plaintiff is a resident of Oakland County, Michigan. *See* **Ex. 1,** ¶ 1. Plaintiff does not allege that he has any intention of leaving Michigan. *See* **Ex. 1**, Complaint. Therefore, upon information and belief, Plaintiff is domiciled in the State of Michigan.

8. BANA. BANA was and is a national banking association. For purposes of diversity jurisdiction, a national banking association is deemed to be a citizen of the state in which it is located. 28 U.S.C. § 1348. A national banking association is "located" in the "State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). According to its Articles of Association, BANA's main office is in the City of Charlotte, State of North Carolina. Thus, BANA is not and has never been a citizen of the State of Michigan, within the meaning of 28 U.S.C. § 1332(c).

9. BONY. BONY is a state-chartered banking association of the State of

New York, with its principal office in New York, New York. For diversity purposes, a state-chartered banking associations is a citizen of the state where it is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306-307 (2006). Accordingly, BONY is a citizen of New York within meaning of 28 U.S.C. §1332(C).

10. Thus, complete diversity exists, because Plaintiff is a citizen of Michigan and Defendant BANA is a citizen of North Carolina and Defendant BONY is a citizen of New York.

11. Pursuant to L.R. 81.1(a) and (b) and 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney fees. Although Plaintiff does not identify a sum certain that he is hoping to recover with his Complaint, the note Plaintiff seeks to rescind was in the original amount of $154,800.00. Plaintiff asks the Court, among other things, to order rescission of the loan. *See* **Ex. 1, Wherefore Clause, p. 7**.

12. When a plaintiff seeks specific performance, declaratory relief, or injunctive relief, the amount in controversy is measured by "the value of the object that is the subject matter of the action." *Lorimer ex rel. Estate of Lorimer v. Berrelez,* 331 F. Supp. 2d 585, 591 (E.D. Mich. 2004) (citations omitted); *see also Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)) (holding "[i]n actions seeking

declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Nordica S.P.A. v. Icon Health & Fitness, Inc.*, 2009 WL 2462570, *6, fn. 4 (D.N.H. 2009) (citing *Lee Sch. Lofts, L.L.C. v. Amtax Holdings 106 L.L.C.*, 2008 WL 4936479, at *3 (E.D.Va. Oct. 29, 2008)) (observing "[w]hen specific performance is the desired remedy, the amount in controversy requirement is satisfied if 'either the "direct pecuniary value" of the right the plaintiff seeks to enforce ... or the cost to the defendant of complying with any prospective equitable relief exceeds $75,000.'"); *Neely v. Consol Inc.*, 25 Fed. Appx. 394, 400 (6th Cir. 2002) (holding amount in controversy was equal to amount of lease). Therefore, because the object of the litigation includes real property that secured by a Note in the amount of $154,800.00, which Plaintiff seeks to rescind, the object of the litigation is in excess of $75,000.00.

13. While Defendants deny the allegations in Plaintiff's Complaint, and deny any liability to Plaintiff whatsoever, if those allegations are proven to be true, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys fees. Notwithstanding that the jurisdictional requirements have been met, nothing in this Notice of Removal should be construed as an admission that Plaintiff is entitled to any judgment or relief in his favor.

14. A Notice of Filing of Removal and a copy of this Notice of Removal from State Court will be filed with the Oakland County Circuit Court as required by 28 U.S.C. § 1446(d). See **Exhibit 2**. Copies of the same will be served upon all counsel of record upon the filing of this Notice.

THEREFORE, Defendants BANA and BONY hereby remove the State Court Action from the Circuit Court of Oakland County, State of Michigan, to this Court, and request that the Court take jurisdiction of this civil action to the exclusion of any further proceedings in the State court.

**Dated: August 19, 2013**

Respectfully submitted,

BODMAN PLC

By: /s/Trevor M. Salaski
Trevor M. Salaski (P74703)
6th Floor at Ford Field
1901 St. Antoine St.
Detroit, MI 48226
(313) 259-7777
tsalaski@bodmanlaw.com
*Attorneys for Defendants*

# **Certificate of Service**

I hereby certify that on August 19, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system. In addition, I served the foregoing paper via U.S. Mail to:

FPM Legal Defense
Renette Jackson
Attorney for Plaintiff
400 Monroe Street, Ste. 410
Detroit, MI 48226
*Counsel for Plaintiff*

BODMAN PLC

By: /s/Trevor M. Salaski
Trevor M. Salaski (P74703)
6th Floor at Ford Field
1901 St. Antoine St.
Detroit, MI 48226
(313) 259-7777
tsalaski@bodmanlaw.com
*Attorneys for Defendants*

# EXHIBIT 1

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/efiling.

| STATE OF MICHIGAN JUDICIAL DISTRICT 6TH JUDICIAL CIRCUIT | SUMMONS AND COMPLAINT | CASE NO. 2013-134934-CH |
|---|---|---|

Court Address ISS

1200 N. TELEGRAPH RD., PONTIAC, MI 48341

Court telephone no. 248-858-0344

| Plaintiff name(s), address(es) and telephone no(s). | | Defendant name(s), address(es), and telephone no(s). |
|---|---|---|
| JASON CARLSON | V | BANK OF AMERICA, N.A., and BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2004-5, Successors in Interest or Assigns |
| Plaintiff attorney, bar no., address, and telephone no.<br>FPM LEGAL DEFENSE<br>RENETTE JACKSON (P69002)<br>400 MONROE ST., STE 410<br>DETROIT, MI 48226<br>(313) 633-7860 | | |

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan, you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires: | Court clerk |
|---|---|---|
| JUL 09 2013 | OCT 07 2013 | Lisa Brown |

This summons is invalid unless served on or before its expiration date.

X There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the Complaint.

_ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ________________ (Name of court). The docket number and assigned judge are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

This action _ remains _ is no longer pending.

SEAL OF THE CIRCUIT COURT OF OAKLAND COUNTY MICHIGAN

| VENUE | |
|---|---|
| Plaintiff(s) residence (include city, township, or village)<br>OAKLAND Michigan | Defendant(s) residence (include city, township, or village)<br>OAKLAND Michigan |
| Place where action arose or business conducted<br>OAKLAND Michigan | |

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

07-09-2013 — Date

/S/ RENETTE JACKSON — Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.



MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a),(b)

**SUMMONS AND COMPLAINT**
Case No. 2013-134934-CH

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE**

| __ OFFICER CERTIFICATE | OR | __ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notary not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notary required) |

__ I served personally a copy of the summons and complaint,
__ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with ____________________ on the defendant(s):
Attachment

| Name(s) | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

__ After diligent search and inquiry, I have been unable to find and serve the following defendant(s):

I have made the following efforts in attempting to serve process:

__ I have personally attempted to serve the summons and complaint, together with
Attachment

at ______________________________ and have been unable to complete service because
Address
the address was incorrect at the time of filing.

| Service fee | Miles Traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

______________________________ Signature

Title

Subscribed and sworn to before me on ____________, ______________________ County, Michigan.
Date

My commission expires: ____________ Signature: ______________________________ Date
Deputy court clerk/Notary public

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint and required fees, if any, together with:

______________________________ on
Attachment
Day, date, time

______________________________ on behalf of
Signature

MCR 2.105

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/efiling.

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

**JASON CARLSON,**

Plaintiff,

v.

**BANK OF AMERICA, N.A., and BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2004-5, Successors in Interest or Assigns,**

Defendants.

Case No. 2013-134934-CH
Hon. JUDGE PHYLLIS MCMILLEN

---

**FPM LEGAL DEFENSE**
Renette Jackson (P69002)
Attorney for Plaintiff
400 Monroe St., Ste 410
Detroit, MI 48226
(313) 633-7860

---

**PLAINTIFF'S COMPLAINT**

**NOW COMES** Plaintiff, **JASON CARLSON**, by and through his attorney, **RENETTE JACKSON** and for his Complaint states as follows:

**JURISDICTION**

1. Plaintiff is and has at all times relevant has been a resident of the County of Oakland, State of Michigan and the lawful owner of the parcel of real property commonly known as: 3856 Buckingham Ave., Berkley, MI 48072 (hereinafter referred to as his "Home").
2. Defendants, Bank of America, N.A. and the Bank of New York Mellon fka the Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc.,

Asset-Backed Certificates, Series 2004-5[1], (collectively the "Bank") are and at all times relevant to this proceeding have conducted business in the County of Oakland, State of Michigan.

3. The amount in controversy exceeds $25,000.00.

4. Venue is proper in the County of Oakland.

## COMMON ALLEGATIONS

5. Plaintiff incorporates by reference paragraphs 1 through 4 as though the same have been fully set forth herein.

6. On March 26, 2004, Plaintiff entered an agreement (hereinafter the "Loan Agreement") with the Bank to refinance his Home.

7. The Loan Agreement required Plaintiff to make regular monthly payments to the Bank.

8. In 2010, Plaintiff contacted the Bank to advise that he was facing financial hardship and would have trouble making his monthly mortgage payments. He had heard that the Bank was working with people who faced similar financial hardships so that they would not lose their homes.

9. The Bank advised Plaintiff that, in order to modify the Loan Agreement, he would have to stop making his regular monthly payments.

10. Plaintiff was not advised that by stopping his regular monthly payments, he would be putting himself in default under the Loan Agreement.

11. Despite the fact that Plaintiff was uneasy with the idea of not making his regularly scheduled payments, he acquiesced. He was led to believe that as long as he followed the Bank's directions, he would be helped.

[1] Its Predecessors and Successors in Interest and Assigns.

12. Plaintiff was mailed a loan modification package that required him to submit a substantial amount of paperwork.

13. Plaintiff submitted the required paperwork to Defendant as requested by the Bank. Sometimes the Bank would receive the documents that Plaintiff sent. More often, Plaintiff had to send the documents three or four times before it was received by Defendant.

14. The process of re-submitting documents continued for a period of years.

15. In November of 2012, Plaintiff met with representatives from Bank of America, N.A. at 45575 Mound Rd., Shelby Township, MI (the "Meeting").

16. At the Meeting Plaintiff was advised that the Bank was working to finalize his loan modification.

17. Later in November, 2012, Plaintiff called the contact he met at the Meeting to advise that he had started working at a new job.

18. Plaintiff was redirected to a California office and given a new contact by the name of Warren Walker ("Walker").

19. Plaintiff was mailed yet another loan modification shortly after he spoke with Walker.

20. In January, 2013, Plaintiff contacted Walker and was advised that he was "all set." He was told that the Sheriff's sale would be postponed and that he could prepare to make modified payments.

21. Despite the fact that Plaintiff completed all of the steps required to obtain a loan modification, he was apparently denied.

22. On or about January 8, 2013, Defendant held a Sheriff's sale alleging that Plaintiff was in default of his monthly obligations under the Loan Agreement.

## COUNT I – FRAUDULENT MISREPRESENTATION

23. Plaintiff incorporates by reference paragraphs 1 through 22 as though the same have been fully set forth herein.

24. The Bank made a representation to Plaintiff that he was approved for a loan modification. This was a false representation.

25. Despite the fact that Plaintiff complied with the requirements set forth by the Bank to qualify for a loan modification, the modification was apparently denied.

26. The Bank knew or should have known that Plaintiff did not qualify for a loan modification when he inquired about one. A layperson could have made this determination at the outset without making Plaintiff endure years of financial and emotional turmoil, thinking he had been approved for a modification.

27. The representation was made with the intention that Plaintiff would act on it.

28. Plaintiff did act on Defendant's representations, and as a result expended an unnecessary amount of time, money and effort to satisfy the Bank's demands, even though he apparently did not qualify for a loan modification.

29. Based on Defendant's representation, and following the instructions of Defendant, Plaintiff put himself in default of the Loan Agreement.

30. Plaintiff has suffered damages as a result.

## COUNT II – ESTOPPEL

31. Plaintiff incorporates by reference paragraphs 1 through 30 as though the same have been fully set forth herein.

32. Defendant, by its representations, admissions and silence, intentionally or negligently induced Plaintiff to believe that he had been approved for a loan modification.
33. As a result of Defendant's representations, admissions and silence, Plaintiff was induced to believe that he could save his Home.
34. As a result of Plaintiff's justifiable belief that he had been thrown a life preserver, he expended a great deal of time, money and energy attempting to jump through the various hoops put in front of him by the Bank. Plaintiff has been damaged as a result of Defendant's actions.
35. Plaintiff followed the Bank's directions and stopped making his monthly mortgage payments, putting himself in default of his Loan Agreement with Defendant.
36. Despite the fact that Plaintiff did everything that was asked of him by the Bank, a loan modification was never going to happen for him.
37. He was told to prepare to make modified payments and that his Home would not go to sale. Instead his Home was sold at Sheriff's sale a few days later.
38. Plaintiff would be prejudiced if Defendant is permitted to deny the existence of these facts.

**COUNT III – NEGLIGENCE**

39. Plaintiff incorporates by reference paragraphs 1 through 38 as though the same have been fully set forth herein.
40. Prior to the loan modification process, Defendant owed Plaintiff a duty to conduct a reasonable inquiry as to whether he would be able to qualify for a loan modification.

41. Defendant breached its duty, by not simply looking at Plaintiff's information prior to enduring a **several years long** modification process, and then telling Plaintiff that he had been approved for a loan modification.

42. Defendant breached its duty by advising Plaintiff to stop making his monthly payments in order to obtain a loan modification.

43. Defendant breached its duty by advising him that his loan modification had been finalized and that the Sheriff's sale would be postponed.

44. Defendant breached its duty if in fact Plaintiff's loan modification had been approved and it proceeded with the sale anyway.

45. Despite the fact that Defendant knew that Plaintiff would not qualify for a loan modification, the Bank strung Plaintiff along for several **years** causing him unnecessary emotional turmoil and financial expense. Plaintiff would have been better off attempting to make his payments as long as possible, than to put himself in default of the Loan Agreement with the Bank.

46. Plaintiff may very well lose his Home as a result of Defendant's breach.

**WHEREFORE,** Plaintiff prays for a judgment as follows:

A. An order, setting aside the Sheriff's sale of the Home;

B. An order, staying any and all proceedings related to the Home until the matter before this Court has been resolved;

C. An order, rescinding the underlying mortgage loan that is the subject of this lawsuit;

D. In the alternative to rescission, an order, granting a reformation/modification of the Note and Mortgage at the prevailing interest rates and property values in today's real estate market;

E. Awarding Plaintiff money damages incurred as a result of Defendant's actions, including treble damages;

F. Awarding Plaintiff the costs of bringing this lawsuit and attorney fees; and

G. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**FPM LEGAL DEFENSE**

By: /s/ Renette Jackson (P69002)
Attorney for Plaintiff
400 Monroe St., Ste. 410
Detroit, MI 48226
(313) 633-7860

Date: July 8, 2013

# EXHIBIT 2

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

JASON CARLSON,

Plaintiff,

v.

Case No. 13-134934-CH

Hon. Phyllis McMillen

BANK OF AMERICA, N.A., and
BANK OF NEW YORK MELLON
FKA THE BANK OF NEW YORK AS
TRUSTEE FOR THE BENEFIT OF
THE CWABS INC., ASSET-BACKED
CERTIFICATES, SERIES 2004-5,
Successors in Interest or Assigns,

Defendants.

---

**NOTICE OF FILING NOTICE OF REMOVAL**

TO: Clerk of Court
Oakland County Circuit Clerk

PLEASE TAKE NOTICE that the Notice of Removal to Federal Court of the above-captioned action from the Oakland County Circuit Court to the United States District Court for the Eastern District of Michigan, Southern Division, a copy of which is attached hereto, was electronically filed on August 19, 2013 in the United States District Court for the Eastern District of Michigan, Southern Division.

**DATED: August 19, 2013**

BODMAN PLC

By: /s/Trevor M. Salaski
Trevor M. Salaski (P74703)
6th Floor at Ford Field
1901 St. Antoine St.
Detroit, MI 48226
(313) 259-7777
tsalaski@bodmanlaw.com
*Attorneys for Defendants*

**Certificate of Service**

I hereby certify that on August 19, 2013, I filed the foregoing paper with the Clerk of the Court and I served the foregoing paper via U.S. Mail to:

Renette Jackson
FPM Legal Defense
400 Monroe Street, Ste. 410
Detroit, MI 48226
(313) 633-7860
*Attorney for Plaintiff*

BODMAN PLC

By: /s/Trevor M. Salaski
Trevor M. Salaski (P74703)
6th Floor at Ford Field
1901 St. Antoine St.
Detroit, MI 48226
(313) 259-7777
tsalaski@bodmanlaw.com
*Attorneys for Defendants*