UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON CARLSON,

    Plaintiff,

v.

BANK OF AMERICA, N.A., ET AL.

    Defendants.

Case No. 13-13566

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE MARK A. RANDON

_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [5]**

Before the Court is Defendant Bank of America, N.A. and Defendant Bank of New York Mellon's Motion to Dismiss [5], Plaintiff's Response [9], and Defendants' Reply [10]. For the reasons that follow, Defendants' Motion to Dismiss [5] is **GRANTED** in its entirety.

**STATEMENT OF FACTS**

This case involves a dispute over a $154,800.00 mortgage secured by residential real estate commonly known as XXXX Buckingham Avenue, Berkley, Michigan 48072 ("the Property"). In 2004, Plaintiff and non-party Tara Carlson received a loan from Full Spectrum Lending, Inc. and gave a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS) as Full Spectrum's nominee. In 2011 MERS assigned the mortgage to Defendant The Bank of New York Mellon.

Subsequently, Plaintiff defaulted on his loan. Defendants initiated foreclosure proceedings. On April 9, 2012, pursuant to MCL § 600.3205a, Defendants mailed a foreclosure rights notice to Plaintiff and Plaintiff requested a meeting pursuant to Michigan Compiled Law § 600.3205a. The parties held a meeting in November 2012. After the 3205a meeting, the parties could not reach an agreement. Plaintiff was not eligible for loan modification.

Defendants posted notice of foreclosure on the front door of the Property on November 12, 2012 and notice of the foreclosure was published in the Oakland County Legal News on November 28, 2012, and December 5, 12, and 19, 2012. The Sheriff's sale of the Property was held on January 8, 2013 and the redemption period expired on July 8, 2013. On July 9, 2013, Plaintiff filed an action in state court challenging the loan modification proceedings and the Sheriff's sale.

## STANDARD OF REVIEW

Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. To survive a motion to dismiss or for judgment on the pleadings, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When they are well-pleaded factual allegations, a court should assume their veracity

and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

## ANALYSIS

When jurisdiction is based on diversity of citizenship, the Court applies state law in accordance with the controlling decisions of the state supreme court. *Petroleum Enhancer, LLC v. Woodward*, 690 F.3d 757 (6th Cir. 2012). The Michigan Supreme Court has held that "to set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with MCL 600.3204"—the statute governing foreclosure by advertisement in Michigan. *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012). Once the redemption period is over, "it would require a strong case of fraud . . . to warrant setting a foreclosure sale aside." *Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 659 (Mich. Ct. App. 2007). Additionally, the alleged fraud must be in the foreclosure procedure itself. *Conlin v. Mortgage Electronic Registration Systems, Inc.*, 714 F.3d 355, 360 (6th Cir. 2013) (internal citations to Michigan cases omitted).

Plaintiff filed his complaint the day after the redemption period ended and, further, has failed to allege that Defendants committed fraud in the foreclosure process under MCL § 600.3204. Indeed, Plaintiff alleges without filing supporting documentation that his "fraud allegation points to the numerous flaws in Defendant's loan modification process." [9] at 9. Further, Defendants have provided

documentation that they complied with M.C.L. § 600.3204. *See* [5-5]. Michigan Compiled Law § 600.3204 in pertinent part states:

> (1) Subject to subsections (4) and (6), a party may foreclose a mortgage by advertisement if all of the following circumstances exist:
> . . .
> (4) A party shall not commence proceedings under this chapter to foreclose a mortgage of property claimed as a principal residence exempt from tax under section 7cc of the general property tax act, 1893 PA 206, MCL 211.7cc, if 1 or more of the following apply:
>
> (a) Notice has not been mailed to the mortgagor as required by section 3205a.
> (b) After a notice is mailed to the mortgagor under section 3205a, the time has not expired for the mortgagor to request, either directly or through a housing counselor, a meeting under section 3205b [FN3] with the person designated under section 3205a(1)(c).
> (c) Within 30 days after a notice is mailed to the mortgagor under section 3205a, the mortgagor has requested a meeting under section 3205b with the person designated under section 3205a(1)(c) and 90 days have not passed after the notice was mailed. This subdivision does not apply if the mortgagor has failed to provide documents as required under section 3205b(2).
> (d) Documents have been requested under section 3205b(2) and the time for producing the documents has not expired.
> (e) The mortgagor has requested a meeting under section 3205b with the person designated under section 3205a(1)(c), the mortgagor has provided documents as required under section 3205b(2), and the person designated under section 3205a(1)(c) has not met or negotiated with the mortgagor under this chapter.
> (f) The mortgagor and mortgagee have agreed to modify the mortgage loan and the mortgagor is not in default under the modified agreement.
> (g) Calculations under section 3205c(1) [FN4] show that the mortgagor is eligible for a loan modification and foreclosure under this chapter is not allowed under section 3205c(7).

Defendants mailed a notice to Plaintiff as required by MCL 600.3205a. Defendants held the 3205a meeting as requested by Plaintiff. At the meeting it was determined that Plaintiff was not eligible for loan modification under 3206b. Additionally, although it is not required by M.C.L. § 600.3204, Defendants posted notice on the front door of the Property.

Because the foregoing analysis is dispositive of this case, the Court declines to address the parties' other arguments.

## CONCLUSION

Accordingly, the Court being fully advised in the premises,

**IT IS ORDERED** Defendants' Motion to Dismiss [5] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [1] is **DISMISSED** with prejudice.

**SO ORDERED**.

|  |  |
|---|---|
| Dated: March 19, 2014 | s/Arthur J. Tarnow<br>Arthur J. Tarnow<br>Senior United States District Judge |